FILED

AUG 29 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JESSICA NESBITT,
also known as "Madame Priscilla Belle"

No. **19CR 692**

Violations: Title 18, United States Code, Sections 371, 1952(a)(3), 2421(a), and 2422(a), and Title 31, United States Code, Section 5324(a)(3)

**UNDER SEAL**

JUDGE DOW

MAGISTRATE JUDGE VALDEZ

### COUNT ONE

The SPECIAL JULY 2018 GRAND JURY charges:

1.     At times relevant to this indictment:

### Relevant Entities and Individuals

a.     Selective Management Enterprises, Inc., which also did business as Kink Extraordinaires ("KE"), was an Illinois corporation located at 2452 West Augusta Boulevard, Chicago, Illinois.

b.     Defendant JESSICA NESBITT owned and operated KE.

c.     NESBITT controlled bank accounts at Associated Bank and Fifth Third Bank in Chicago (the "NESBITT bank accounts").

d.     Individual A, Individual B, Individual C, Individual D, Individual E, Individual F, and others (the "KE employees") were employees of KE.

e.     Client A, Client B, Client C, Client D, and others were clients of KE.

f.     Gmail was an email service developed and operated by Google. Emails sent and received via a user's Gmail account were routed through Google servers, which were located outside the State of Illinois.

g.     Company 1 was an electronic payment processor that allowed merchants to accept credit, debit, and gift card payments by swiping or otherwise charging those cards through point-of-sale terminals. Those payments were processed through Company 1's electronic payment network, including Company 1's servers located in Chandler, Arizona, and later deposited into bank accounts designated by each merchant.

h.     Company 2 was an electronic payment processor that allowed merchants to accept credit, debit, and gift card payments by swiping or otherwise charging those cards through point-of-sale terminals. Those payments were processed through Company 2's electronic payment network, including Company 2's servers located in Florence, Kentucky and Grand Rapids, Michigan, and later deposited into bank accounts designated by each merchant.

i.     Fifth Third Bank was a domestic financial institution subject to the Currency Transaction Reporting requirements described in subparagraph (k) below.

### State Law: Prostitution Offenses

j.     There were in force and effect criminal statutes of the State of California, the District of Columbia, the State of Florida, the State of Illinois, the State of Indiana, the State of Nevada, the State of Wisconsin, and elsewhere that

prohibited prostitution offenses, including California Penal Code Section 647(b) (soliciting and engaging in prostitution); District of Columbia Code Section 22-2701 (engaging in prostitution and soliciting for prostitution); Florida Statutes 796.07 (prostitution and related acts); Chapter 720, Illinois Compiled Statutes, Sections 5/11-14 (prostitution) and 5/11-14.3 (promoting prostitution); Indiana Code Sections 35-45-4-2 (prostitution) and 35-45-4-4 (promoting prostitution); Nevada Revised Statutes 201.354 (engaging in prostitution and solicitation for prostitution); and Wisconsin Statutes Annotated 944.30 (prostitution).

### Federal Law: Currency Transaction Reporting

k.     Title 31, United States Code, Section 5313(a) and Title 31, Code of Federal Regulations, Section 1010.310-313 required domestic financial institutions to prepare and file with the Financial Crimes Enforcement Network a Currency Transaction Report (Form 104) for any transaction or series of transactions involving currency of more than $10,000.

2.     Beginning in or around September 2010, and continuing until on or about January 11, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JESSICA NESBITT,
also known as "Madame Priscilla Belle,"

defendant herein, did knowingly conspire with others known and unknown to the Grand Jury to commit an offense against the United States, that is:

a.     to travel and cause to travel in interstate commerce, and to use and caused to be used a facility in interstate commerce, with intent to promote,

3

manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely, prostitution offenses in violation of Cal. Penal Code § 647(b), D.C. Code § 22-2701, Fla. Stat. § 796.07, 720 ILCS §§ 5/11-14 and 5/11-14.3, Ind. Code §§ 35-45-4-2 and 35-45-4-4, N.R.S. 201.354, and W.S.A. 944.30, and thereafter to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3);

      b.    to knowingly transport an individual in interstate commerce with intent that such individual engage in prostitution, in violation of Title 18, United States Code, Section 2421(a); and

      c.    to knowingly persuade, induce, and entice an individual to travel in interstate commerce to engage in prostitution, in violation of Title 18, United States Code, Section 2422(a).

    3.    It was part of the conspiracy that NESBITT and the KE employees agreed to promote prostitution and perform acts of prostitution, and cause the promotion of prostitution and the performance of acts of prostitution, at KE and at other locations outside of Illinois, including but not limited to California, the District of Columbia, Florida, Indiana, Nevada, and Wisconsin, through travel in interstate commerce, the use of a facility in interstate commerce, the transportation of KE employees in interstate commerce with the intent that those employees engage in prostitution, and the persuading, inducing, and enticing of KE employees to travel in interstate commerce to engage in prostitution.

4

4. It was further part of the conspiracy that NESBITT employed, and caused to be employed, the KE employees at KE in part for the purpose of performing acts of prostitution with KE clients.

5. It was further part of the conspiracy that NESBITT created, and caused to be created, Google Gmail email accounts for herself and the KE employees, and NESBITT used, and caused to be used, the Gmail email accounts to promote the business of KE, including by using the accounts to communicate with clients and KE employees, and to operate KE.

6. It was further part of the conspiracy that NESBITT advertised, and caused to be advertised, services offered by KE and its employees on multiple websites, including on backpage.com, eros.com, and Gentlemen's Pages. NESBITT also operated, and caused to be operated, the website kinkextraordinaires.com for the purposes of advertising services offered by NESBITT and the KE employees.

7. It was further part of the conspiracy that NESBITT transported, persuaded, induced, and enticed, and caused to be transported, persuaded, induced, and enticed, KE employees to travel outside the State of Illinois, including to San Diego, California; Washington, D.C.; Miami, Florida; Indiana; and Las Vegas, Nevada, to engage in acts of prostitution with KE clients, including by arranging travel for KE employees and paying KE employees to participate in the acts of prostitution performed at locations outside the State of Illinois.

8. It was further part of the conspiracy that NESBITT traveled outside the State of Illinois, including to Miami, Florida; Las Vegas, Nevada; and Wisconsin, to

engage in acts of prostitution with KE clients.

9.     It was further part of the conspiracy that NESBITT performed, and caused KE employees to perform, acts of prostitution with KE clients at locations within and outside of Illinois. NESBITT and the KE employees accepted payments totaling millions of dollars in the form of cash or credit, debit, and gift cards from KE clients for sexual services performed.

10.     It was further part of the conspiracy that, in order to process credit, debit, and gift card payments made by clients, NESBITT used, and caused to be used, credit card terminals maintained at KE, which caused the transmission of wire communications between Chicago, Illinois and locations outside of Illinois, including Chandler, Arizona; Florence, Kentucky; and Grand Rapids, Michigan. The use of these credit card terminals resulted in the transfer of funds to the NESBITT bank accounts.

11.     It was further part of the conspiracy that NESBITT deposited, and caused to be deposited, cash payments from KE clients into the NESBITT bank accounts in amounts under $10,000, in order to evade currency transaction reporting requirements and to conceal the existence and purpose of the conspiracy.

12.     It was further part of the conspiracy that NESBITT paid, and caused to be paid, herself and the KE employees from the NESBITT bank accounts with proceeds obtained in part from NESBITT and the KE employees' acts of prostitution. NESBITT also used, and caused to be used, proceeds of NESBITT's and the KE employees' acts of prostitution to operate and maintain KE.

13.    It was further part of the conspiracy that NESBITT and the KE employees concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence and purpose of the conspiracy and the acts done in furtherance of the conspiracy.

## Overt Acts

14.    In furtherance of the conspiracy and to accomplish its unlawful objectives, NESBITT committed, and caused to be committed, the following overt acts in the Northern District of Illinois and elsewhere:

a.    On or about September 5, 2014, NESBITT sent and caused to be sent an email to KE clients that contained an invitation to a paid sex and fetish party at KE called "Halloween Mischief."

b.    On or about January 19, 2015, NESBITT issued and caused to be issued from a NESBITT bank account a check made out to Individual A in the amount of $800.

c.    On or about April 17, 2015, NESBITT sent and caused to be sent an email to KE employees that contained information regarding the operations of KE.

d.    On or about May 19, 2015, NESBITT sent and caused to be sent an email to KE clients that contained an invitation to a paid sex and fetish party at KE called the "Black Tie Bizarre."

e.    On or about November 30, 2015, NESBITT sent and caused to be sent an email to Client A that contained information regarding flights for Individual F's travel from Chicago, Illinois to San Diego, California, for the purpose of engaging

in acts of prostitution with Client A in California.

        f.      On or about February 22, 2016, NESBITT sent and caused to be sent an email to Individual B and Individual D that contained information regarding a meeting NESBITT scheduled to discuss Individual B and Individual D's travel from Chicago, Illinois to Las Vegas, Nevada, for the purpose of engaging in acts of prostitution with Client B in Nevada.

        g.      On or about April 13, 2016, NESBITT instructed Individual E to have sexual intercourse with Client C whenever Client C paid for sexual intercourse.

        h.      On or about April 21, 2016, NESBITT discussed with Individual F specific acts of prostitution requested by Client D.

        i.      On or about April 28, 2016, NESBITT instructed Individual C to deposit cash payments from clients into a NESBITT bank account in amounts less than $10,000.

        j.      On or about August 29, 2016, NESBITT issued and caused to be issued from a NESBITT bank account a check made out to Individual C in the amount of $2,026.89.

        k.      On or about December 26, 2016, NESBITT issued and caused to be issued from a NESBITT bank account a check made out to Individual A in the amount of $3,100.

    All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL JULY 2018 GRAND JURY further charges:

1.      Paragraph 1 of Count One of this indictment is incorporated here.

2.      On or about September 5, 2014, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JESSICA NESBITT,
also known as "Madame Priscilla Belle,"

defendant herein, did use and cause the use of a facility in interstate commerce, namely, Company 1's electronic payment network resulting in the processing of an electronic payment of approximately $1,250, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, namely, a violation of 720 ILCS § 5/11-14 (prostitution) and 720 ILCS § 5/11-14.3 (promoting prostitution), and thereafter, the defendant did perform and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity;

In violation of Title 18, United States Code, Section 1952(a)(3).

## COUNT THREE

The SPECIAL JULY 2018 GRAND JURY further charges:

1. Paragraph 1 of Count One of this indictment is incorporated here.

2. On or about May 21, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JESSICA NESBITT,
also known as "Madame Priscilla Belle,"

defendant herein, did use and cause the use of a facility in interstate commerce, namely, Company 2's electronic payment network resulting in the processing of an electronic payment of approximately $250, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, namely, a violation of 720 ILCS § 5/11-14 (prostitution) and 720 ILCS § 5/11-14.3 (promoting prostitution), and thereafter, the defendant did perform and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity;

In violation of Title 18, United States Code, Section 1952(a)(3).

## COUNT FOUR

The SPECIAL JULY 2018 GRAND JURY further charges:

1.    Paragraph 1 of Count One of this indictment is incorporated here.

2.    On or about June 4, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JESSICA NESBITT,
also known as "Madame Priscilla Belle,"

defendant herein, did use and cause the use of a facility in interstate commerce, namely, Company 2's electronic payment network resulting in the electronic payment of approximately $750, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, namely, a violation of 720 ILCS § 5/11-14 (prostitution) and 720 ILCS § 5/11-14.3 (promoting prostitution), and thereafter, the defendant did perform and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity;

In violation of Title 18, United States Code, Section 1952(a)(3).

## COUNT FIVE

The SPECIAL JULY 2018 GRAND JURY further charges:

1.      Paragraph 1 of Count One of this indictment is incorporated here.

2.      On or about November 30, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JESSICA NESBITT,
also known as "Madame Priscilla Belle,"

defendant herein, did use and cause the use of a facility in interstate commerce, namely, a Google Gmail account and associated communications network, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, namely, a violation of Cal. Penal Code § 647(b) (soliciting and engaging in prostitution), and thereafter, the defendant did perform and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity;

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT SIX

The SPECIAL JULY 2018 GRAND JURY further charges:

1.      Paragraph 1 of Count One of this indictment is incorporated here.

2.      On or about February 22, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JESSICA NESBITT,
also known as "Madame Priscilla Belle,"

defendant herein, did use and cause the use of a facility in interstate commerce, namely, a Google Gmail account and associated communications network, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, namely, a violation of N.R.S. 201.354 (engaging in prostitution and solicitation for prostitution), and thereafter, the defendant did perform and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity;

In violation of Title 18, United States Code, Section 1952(a)(3).

## COUNT SEVEN

The SPECIAL JULY 2018 GRAND JURY further charges:

1.      Paragraph 1 of Count One of this indictment is incorporated here.

2.      On or about April 13, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JESSICA NESBITT,
also known as "Madame Priscilla Belle,"

defendant herein, did use a facility in interstate commerce, namely, the cellular telephone assigned telephone number (312) XXX-6110, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, namely, a violation of 720 ILCS § 5/11-14 (prostitution) and 720 ILCS § 5/11-14.3 (promoting prostitution), and thereafter, the defendant did perform and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity;

In violation of Title 18, United States Code, Section 1952(a)(3).

## COUNT EIGHT

The SPECIAL JULY 2018 GRAND JURY further charges:

1. Paragraph 1 of Count One of this indictment is incorporated here.

2. On or about April 21, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JESSICA NESBITT,
also known as "Madame Priscilla Belle,"

defendant herein, did use a facility in interstate commerce, namely, the cellular telephone assigned telephone number (312) XXX-6110, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, namely, a violation of 720 ILCS § 5/11-14 (prostitution) and 720 ILCS § 5/11-14.3 (promoting prostitution), and thereafter, the defendant did perform and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity;

In violation of Title 18, United States Code, Section 1952(a)(3).

## COUNT NINE

The SPECIAL JULY 2018 GRAND JURY further charges:

1.      Paragraph 1 of Count One of this indictment is incorporated here.

2.      On or about January 24, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JESSICA NESBITT,
also known as "Madame Priscilla Belle,"

defendant herein, did knowingly persuade, induce, and entice an individual, namely, Individual F, to travel in interstate commerce from the State of Illinois to the State of California, to engage in prostitution, and in any sexual activity for which any person can be charged with a criminal offense, and did attempt to do so;

In violation of Title 18, United States Code, Section 2422(a).

## COUNT TEN

The SPECIAL JULY 2018 GRAND JURY further charges:

1.    Paragraph 1 of Count One of this indictment is incorporated here.

2.    On or about March 2, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JESSICA NESBITT,
also known as "Madame Priscilla Belle,"

defendant herein, did knowingly transport an individual, namely, Individual A and Individual D, in interstate commerce, from the State of Illinois to the State of Nevada, with intent that such individual engage in prostitution, and in any sexual activity for which any person can be charged with a criminal offense, and did attempt to do so;

In violation of Title 18, United States Code, Section 2421(a).

## COUNT ELEVEN

The SPECIAL JULY 2018 GRAND JURY further charges:

1.     Paragraphs 1(i) and 1(k) of Count One of this indictment are incorporated here.

2.     Beginning on or about January 7, 2014, and continuing through on or about December 19, 2014, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

**JESSICA NESBITT,**
also known as "Madame Priscilla Belle,"

defendant herein, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and regulations prescribed thereunder, structured and assisted in structuring transactions at Fifth Third Bank by depositing and causing the deposit of at least approximately $349,000 in United States currency in separate transactions on at least 44 occasions, each in an amount under $10,000, and did so as part of a pattern of illegal activity involving more than $100,000 in a twelve-month period;

In violation of Title 31, United States Code, Section 5324(a)(3) and (d)(2).

## COUNT TWELVE

The SPECIAL JULY 2018 GRAND JURY further charges:

1.      Paragraphs 1(i) and 1(k) of Count One of this indictment are incorporated here.

2.      Beginning on or about January 6, 2015, and continuing through on or about December 29, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JESSICA NESBITT,
also known as "Madame Priscilla Belle,"

defendant herein, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and regulations prescribed thereunder, structured and assisted in structuring transactions at Fifth Third Bank by depositing and causing the deposit of at least approximately $372,000 in United States currency in separate transactions on at least 41 occasions, each in an amount under $10,000, and did so as part of a pattern of illegal activity involving more than $100,000 in a twelve-month period;

In violation of Title 31, United States Code, Section 5324(a)(3) and (d)(2).

## **COUNT THIRTEEN**

The SPECIAL JULY 2018 GRAND JURY further charges:

1.     Paragraphs 1(i) and 1(k) of Count One of this indictment are incorporated here.

2.     Beginning on or about January 6, 2016, and continuing through on or about December 2, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

**JESSICA NESBITT,**
also known as "Madame Priscilla Belle,"

defendant herein, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and regulations prescribed thereunder, structured and assisted in structuring transactions at Fifth Third Bank by depositing and causing the deposit of at least approximately $559,000 in United States currency in separate transactions on at least 61 occasions, each in an amount under $10,000, and did so as part of a pattern of illegal activity involving more than $100,000 in a twelve-month period;

In violation of Title 31, United States Code, Section 5324(a)(3) and (d)(2).

## FORFEITURE ALLEGATION

The SPECIAL JULY 2018 GRAND JURY alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Sections 371, 1952, 2421, and 2422, as set forth in this indictment, defendant JESSICA NESBITT shall forfeit to the United States of America any property that constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes, but is not limited to:

    a. a personal money judgment; and

    b. the following specific property:

        i. approximately $8,958.94 seized by law enforcement from Fifth Third Bank account no. xx5326 on or about January 11, 2017;

        ii. approximately $34,489.70 seized by law enforcement from Fifth Third Bank account no. xx4287 on or about January 11, 2017;

        iii. approximately $35,067 seized by law enforcement from Associated Bank account no. xx9327 on or about January 11, 2017;

        iv. approximately $102,505.69 seized by law enforcement from Charles Schwab account no. xx1552 on or about January 11, 2017;

        v. approximately $2,647.10 seized by law enforcement from Associated Bank account no. xx1607 on or about January 11, 2017;

        vi. approximately $16,086 seized by law enforcement from 3911 N. Western Avenue, Chicago, Illinois on or about January 11, 2017;

vii.    approximately $547.56 in gift cards seized by law enforcement from 3911 N. Western Avenue, Chicago, Illinois on or about January 11, 2017;

viii.    approximately $1,385.81 seized by law enforcement from 2452 W. Augusta Boulevard, Chicago, Illinois on or about January 11, 2017; and

c.    the real property commonly known as 2452 W. Augusta Boulevard, Units 1, 2, and 3, Chicago, Illinois, legally described as follows:

> UNIT NUMBERS 2452-1, 2452-2, AND 2452-3, IN THE 2452 WEST AUGUSTA CONDOMINIUM AS DELINEATED ON A SURVEY OF THE FOLLOWING DESCRIBED PARCEL OF REAL ESTATE:
>
> LOT 47 IN BLOCK 2 IN CHARLES COUNSELMAN'S SUBDIVISION OF THE SOUTHEAST ¼ OF THE NORTHEAST ¼ OF THE SOUTHEAST ¼ OF SECTION 1, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN; WHICH SURVEY IS ATTACHED AS EXHIBIT "A" TO THE DECLARATION OF CONDOMINIUM RECORDED AUGUST 1, 2007 AS DOCUMENT NUMBER 0721303120, AS AMENDED FROM TIME TO TIME, TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS, IN COOK COUNTY, ILLINOIS,
>
> AND THE EXCLUSIVE RIGHTS TO USE OF PARKING SPACES P-1, P-2, AND -3, AND STORAGE SPACES S-1, S-2, AND S-3, AS LIMITED COMMON ELEMENTS, AS DELINEATED ON ATTACHED TO THE DECLARATION, AFORESAID, RECORDED AS DOCUMENT NUMBER 0721303120.

3.    If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been

transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY