IN THE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 692 |
| v. | ) | |
| | ) | Hon. Robert M. Dow, Jr. |
| JESSICA NESBITT | ) | |

**DEFENDANT'S MOTION TO MODIFY CONDITION 7(g)
ON THE ORDER SETTING CONDITIONS OF RELEASE
WHICH PROHIBITS CONTACT WITH *ALL* CURRENT
AND FORMER CLIENTS AND EMPLOYEES**

NOW COMES Defendant JESSICA NESBITT, by and through her attorney, Sheppard Law Firm, P.C., and pursuant to 18 U.S.C. § 3142(c)(3), moves this Honorable Court to modify condition 7(g) on the Order Setting Conditions of Release to require the government to *specify* the individuals whom Ms. Nesbitt may not contact, or, in the alternative, amend the order to prohibit *unlawful* contact with all former and current employees and clients. In support thereof, defendant states as follows:

**FACTUAL BACKGROUND**

On September 18, 2019, Ms. Nesbitt voluntarily surrendered to the FBI office and made her initial appearance before Judge Valdez. Ms. Nesbitt was ordered released on a $250,000 unsecured bond with conditions of release. *See* Ex. 1 (Order Setting Conditions of Release and Appearance Bond).

Condition 7(g) of the Order Setting Conditions of Release directs the defendant to "avoid all contact, directly or indirectly, with any person who is

or may be a victim or witness in the investigation or prosecution including: All current and former employees and clients of Selective Management Enterprises, Inc., d/b/a Kink Enterprises." *See* Ex. 1. At the time of the initial appearance in this cause, condition 7(g) was not litigated. The business has thousands of former and/or current clients and/or employees.

Ms. Nesbitt has known about this investigation since on or about January 11, 2017 when a search warrant was executed at the business and she was served with a "target" letter. Notwithstanding that fact, she made no attempt to flee or evade process. The company remains in "good standing," according to the Secretary of State database. *See* Ex.2.

There is no allegation that minors are involved in this case. The indictment does not refer to any anybody as a "victim." Since the initial appearance, discovery material has also been tendered. On information and belief, the discovery material does not establish that *all* current and former employees and clients of Selective Management Enterprises, Inc. are potential witnesses.

Many of Ms. Nesbitt's former and current clients and employees are her personal friends. In addition to maintaining personal relationships with them, Ms. Nesbitt wishes to be able to reach out to them for lawful employment opportunities. Indeed, a separate condition of her bond requires that she "continue or actively seek employment." *See* Ex. 1 (Condition 7(b)).

2

Ms. Nesbitt also wishes to inform her former and current clients and employees to expect communications from her lawyers or their investigator.

In lieu of the ban on contact with *all* former and current clients and employees, Ms. Nesbitt is proposing a condition which restricts her from contacting *specific* individuals that the government may identify (by initials or other identifiers). For example, the indictment references "Individuals A, B,C, D, E, F and others" and "Clients A, B, C, and D and others." Indictment, ¶1.d & e. Ms. Nesbitt has no objection to refraining from contacting those individuals if the government will identify them, even just by their initials. Ms. Nesbitt would also agree to an order sealing the order setting the conditions of release if the government has concerns about revealing the identities of potential witnesses. (An agreed protective order as to discovery material is already in place).

As another alternative to the current condition 7(g), Ms. Nesbitt proposes an order which prohibits *unlawful* contact with *all* current and former clients and employees – e.g., contact which is designed to intimidate a witness.

## ANALYSIS

"The judicial officer may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). In setting conditions of release, the Court must impose the "*least restrictive* condition, or combination of conditions," that will reasonably assure the defendant's

3

appearance and safety of any person or the community. 18 U.S.C. § 3142(c)(1)(B)(emphasis added). In evaluating a particular condition of pretrial release, "the Court must consider 'particularized evidence' and make an 'individualized determination' of the need for the restriction." *United States v. Lillemoe*, No. 3:15CR00025 (JCH), 2015 WL 9694385, at *3 (D. Conn. May 28, 2015)(citing, *United States v. Arzberger,* 592 F.Supp.2d 590, 601, 602 (S.D.N.Y.2008)). "While the challenged condition is currently in place, and the Court comes to consider the question upon motion of the defendants, the defendants do not bear the burden of persuading the Court that the challenged condition is inappropriate." *Lillemoe*, No. 3:15CR00025 (JCH), 2015 WL 9694385, at *1. Instead, "the Court must determine whether the condition is appropriate based on the complete record." *Id.*

Condition 7(g) on the order setting conditions of release seems to be modeled after condition (v) in section 3142(c)(1)(B) of the bail statute: "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense." 18 U.S.C.A. § 3142(c)(1)(B)(v). In this case, however, the government has not identified "an alleged victim." Nor has the government presented particularized evidence which establishes that each of Ms. Nesbitt's former and current clients and/or employees is "a potential witnesses who may testify." *See id.*

4

## CONCLUSION

Based on the foregoing, Ms. Nesbitt moves the Court to modify condition 7(g) on the order setting conditions of release to require the government to specify the individuals, even by initials, whom Ms. Nesbitt may not contact, or, in the alternative, amend the order to prohibit no "unlawful" contact with all current and former clients and employees.

Respectfully submitted:

/s/ Adam Sheppard
An Attorney for Defendant

SHEPPARD LAW FIRM, P.C.
180 North LaSalle, Suite 2510
Chicago, IL 60601
(312) 443-1233
Adam Sheppard Attorney no. 6287375
Barry Sheppard Attorney No. 2579901

**CERTIFICATE OF SERVICE**

I hereby certify that foregoing motion to modify the order setting conditions of release was served on September 30, 2019 in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Adam Sheppard<br>Attorney for Defendant

SHEPPARD LAW FIRM, P.C.
180 North LaSalle, Suite 2510
Chicago, IL 60601
(312) 443-1233
Adam Sheppard Attorney no. 6287375