UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 19 CR 692 |
| v. | ) |
| | ) Honorable Robert M. Dow, Jr. |
| JESSICA NESBITT | ) |

**GOVERNMENT'S MOTION TO REVOKE BOND**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby moves to revoke defendant JESSICA NESBITT's bond pursuant to Title 18, United States Code, Sections 3148(a), (b)(1)(A), and (b)(2)(B). In support of this motion, the government states at follows:

**INDICTMENT AND RELEASE ON BOND**

1. Defendant Jessica Nesbitt has been charged in a 13-count superseding indictment that charges her with seven counts of using interstate commerce to facilitate prostitution, three counts of illegally structuring cash withdrawals to evade financial reporting requirements, one count of conspiracy to use interstate commerce to facilitate prostitution and transport and entice an individual across state lines to engage in prostitution, one count of enticing an individual across state lines to engage in prostitution, and one count of transporting an individual across state lines to engage in prostitution. The charges stem from her alleged operation of a prostitution business, "Kink Extraordinaires," located at 2452 W. Augusta Boulevard in Chicago.

1

2. On or about September 18, 2019, U.S. Magistrate Judge Maria Valdez ordered defendant's release on bond. *See* Ex. A. In lieu of home incarceration, Magistrate Judge Valdez required an additional condition (g): defendant was not allowed to "engage in prostitution or fetish activity of any kind, either personally or through others." Magistrate Judge Valdez gave the defendant further guidance on this condition:

> So what the court is willing to do is not have her on incarceration, but to not have her engage in any business activities of the type that she has, in fact, described, what you consider to be the legal activities, which is engaging in any fetish type of role playing, any physical touching using implements for a sexual, you know, desire, either from the employee or independent contractor and client. *So basically she is not going to be able to do even what she had believed she was legally doing.* She can get a job at a store, she can do other kinds of employment, but not the type of activities that she describes as legal in nature. I want to make sure if that is clear to everybody.

*Id.* at 29 (emphasis added).

3. Magistrate Judge Valdez then made it crystal-clear for defendant that she was not "allowed to engage in prostitution or fetish activity of any kind, either personally, even outside of, in the room, over the phone, over the internet either—or directing anyone else to do that on her behalf." *Id.* at 29-30. In fact, she went on to tell defendant, "[G]et a different line of work at this stage . . . [n]o activities of a prurient nature." *Id.* at 30. Defendant indicated that she understood. *Id.* at 34.

## **VIOLATIONS OF HER RELEASE CONDITIONS**

4. Since defendant's release, despite the prohibition from engaging at all in prostitution or fetish activity, either personally or through others, the government has learned that defendant has attempted to hire new employees at Kink

2

Extraordinaires ("KE").

    5.    Specifically, in December 2019, law enforcement observed the following post on sexyjobs.com ("The Leading Resource for Finding Adult Jobs and Hiring Adult Talent Since 1998!"):

> 🏠 » Adult Jobs » Performing » Porn » Dom Performers »
> Job ID# E69894
>
> Now hiring fetish friendly staff to work at our members only club in Chicago. The Premier Playhouse was designed for the kink friendly and has been providing legal fun for 10+ years. We need charming, classy individuals who love the spot light and who can welcome curious newcomers and seasoned Kinksters to our incredible and luxurious 5 floor playhouse. We need staff to monitor events & parties, give guided tours, manage KinkBNB room rentals, teach kinky group classes, and more. Apply today!
>
> **Business Name**
> The Premier Playhouse of Chicago
> **Headquarters**
> Chicago, Illinois, United States
> **Contact Person**
> Hr Director
> **Job Category**
> Dom Performers
> **Hiring Region**
> ✈ Only hiring job applicants from local area.
> **Relocation $$**
> 🚚 Will not pay relocation expenses for job candidates.
> **Travel $$**
> 💼 Will not pay travel expenses for job

6. Although the associated business is called "The Premier Playhouse of Chicago," verbiage from the job listing indicates that it is really for KE. For example, the word "Kinksters" appears on previous advertisements for KE identified during the investigation, and the description of the "5 floor playhouse" and "members only club in Chicago" matches the description of the KE building at 2452 W. Augusta Boulevard.

7. Records provided by sexyjobs.com further indicate that this job listing was intended to hire new employees at KE, and that Nesbitt personally created the listing. On or about January 6, 2020, sexyjobs.com provided records for the account associated with these posts. These records are included as Exhibit B. According to the records, this post was lasted updated on December 26, 2019 from an account registered to the defendant personally. Ex. B. The billing address for the account is 2452 W. Augusta Boulevard (the address for KE), and the phone number associated with the account was used by Nesbitt during the government's investigation (as charged in Counts 7 and 8). *Id.* Indeed, the subscriber records for that telephone number indicated that it was subscribed to Nesbitt's KE pseudonym, "Priscilla Belle," at the same 2452 W. Augusta Boulevard address. The email addresses associated with the account even use the domain kechicago.com. It therefore appears that in the wake of the charges filed against defendant, she changed the name of her business from KE to "The Premier Playhouse of Chicago" in order to continue its operations.

8. Lest defendant attempt to argue that it was not her who posted the

4

listing, according to the sexyjobs.com records, the IP address used to access this account (and therefore post the job listing) is 98.206.39.152. Ex. B. According to records obtained from Comcast, from December 1, 2019 to January 7, 2020—the same time period that the sexyjobs.com job listing was posted—that IP address was registered to a Comcast High Speed Internet account subscribed to by defendant, with the service address being defendant's *personal residence* in Chicago. Ex. C. To law enforcement's knowledge, which is based in part on a court-authorized search of that address in January 2017, defendant is the only adult who resides at that address.

9. There is therefore clear and convincing evidence that defendant has violated her release conditions by attempting to hire new employees at KE. *See* 18 U.S.C. § 3143(b)(1)(B). This alone is a violation of condition (g), which prohibits her from "engag[ing] in prostitution or fetish activity *of any kind . . . through others*." What's more, hiring employees further suggests that she is attempting to restart—or has already restarted—KE's operations under a different name in order to circumvent her pretrial release conditions. After all, trying to hire employees naturally means that the employer is earning revenue, or expects to earn revenue, with which to pay the employees. That is an even more egregious and willful violation of court orders.

10. In short, despite being expressly warned by Magistrate Judge Valdez—in painstakingly clear terms—not to do precisely what she did, she did so anyway. Even more concerning, she performed this obstreperous conduct using resources available to her within her own home. Thus, her own conduct indicates that even

5

home incarceration would not prevent her from violating court release orders in the future. This Court is therefore left with only one conclusion: that defendant is "unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2)(B). Bond should be revoked.

## CONCLUSION

Accordingly, the government respectfully requests, pursuant to Title 18, United States Code, Sections 3148(a), (b)(1)(A), and (b)(2)(B), that the Court revoke the defendant's bond and remand her to federal custody.

Dated: January 21, 2020　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　JOHN R. LAUSCH, JR.
　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　By:　*/s/ Devlin N. Su*
　　　　　　　　　　　　　　　　　　DEVLIN N. SU
　　　　　　　　　　　　　　　　　　ERIKA CSICSILA
　　　　　　　　　　　　　　　　　　Assistant United States Attorneys
　　　　　　　　　　　　　　　　　　United States Attorney's Office
　　　　　　　　　　　　　　　　　　219 South Dearborn Street
　　　　　　　　　　　　　　　　　　Chicago, Illinois 60604
　　　　　　　　　　　　　　　　　　(312) 886-0667