IN THE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 19 CR 692 |
| v. | ) |
| | ) Hon. Robert M. Dow, Jr. |
| JESSICA NESBITT | ) |

**DEFENDANT'S MOTION TO DISMISS THE
CONSPIRACY COUNT (COUNT 1) PURSUANT TO
FEDERAL RULE OF CRIMINAL PROCEDURE 12(b)(3)(B)**

Defendant, JESSICA NESBITT, through her attorney, Sheppard Law Firm, P.C. moves for dismissal of count 1 of the superseding indictment in this cause pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). In support thereof, defendant states as follows:

1. Count 1 of the superseding indictment charges conspiracy in violation of 18 U.S.C. § 371. (Doc. 29)(Superseding Indictment).

2. To sustain a charge of conspiracy under § 371, the government must prove that the defendant conspired to commit a federal offense. *See Iysheh v. Gonzales*, 437 F.3d 613, 614 (7th Cir. 2006)(a conspiracy to commit "any offense" against the United States means "any federal offense").

3. "Under 18 U.S.C. § 371, a single charge of conspiracy can have multiple objects, but each object alleged must constitute a federal offense." *United States v. Johnson*, 44 F. App'x 752, 754 (9th Cir. 2002), opinion amended on reh'g (Aug. 30, 2002)(quoting, *United States v. Manarite,* 44 F.3d 1407, 1414 & n. 7 (9th Cir.1995)).

4. In *Johnson*, an information charged a conspiracy to violate three federal offenses relating to prostitution. The information also alleged four "objects and purposes" of the conspiracy. One of the objects of the conspiracy was "to obtain the proceeds of prostitution from females the defendants had recruited to work as prostitutes," which "is not a federal offense." *Id.* Because there was no way to tell which object of the conspiracy the jury convicted the defendant of conspiring to achieve, the Ninth Circuit reversed the conspiracy conviction. *Id.*

5. In this case, the conspiracy count likewise alleges multiple objects or purposes of the conspiracy. Some of the alleged purposes of the conspiracy are to commit federal offenses; however, others are to commit offenses which would not constitute *federal* offenses. Specifically, count 1 alleges, *inter alia*, that "[i]t was further part of the conspiracy that NESBITT employed, and caused to be employed, the KE employees at KE in part for the purpose of performing acts of prostitution with KE clients." Doc. 29 at 5, ¶4. Simply employing individuals "for the purpose of performing acts of prostitution" is not a *federal* offense. *See Johnson*, 44 F. App'x at 754 (a conspiracy to "obtain the proceeds of prostitution from females the defendants had recruited to work as prostitutes" did not constitute a conspiracy to commit a federal offense).

6. Paragraph 9 of the superseding indictment also alleges that "[i]t was further part of the conspiracy that NESBITT performed, and caused KE

employees to perform, acts of prostitution with KE clients at locations within and outside of Illinois." Doc. 29 at 6, ¶9. Causing another to perform acts of prostitution *within* Illinois, in of itself, is not a federal offense. *See Twitchell v. United States*, 313 F.2d 425, 428 (9th Cir. 1963) ("Neither prostitution nor maintaining or conspiring to maintain a house of prostitution is a federal offense. It is not the business of federal prosecutors to prosecute for state offenses, or of federal courts to entertain such prosecutions. And we think that federal courts must be on guard against attempts to convert what are essentially offenses against state laws into federal crimes via the conspiracy route. [inner citation omitted]."). [1]

7. " '[A] conspiracy conviction is 'doom[ed]' if the indictment alleges both legally sufficient and legally insufficient objects and there is 'no way to know which object the jury relied on its decision to convict [the defendants] of conspiracy.' "*Johnson*, 44 F. App'x at 754 (quoting, *United States v. Manarite*, 44 F.3d 1407, 1413-14 (9th Cir. 1995)). In this case, the conspiracy count lists both legally sufficient and legally insufficient objects and purposes of the conspiracy. Accordingly, if this matter was to proceed to trial and the jury convicted the defendant of the conspiracy count, there would be no way of knowing – in the absence of special verdict forms, which are generally disfavored in criminal cases, *United*

---

[1] *Twitchell,* 313 F.2d at 428 was vacated in part, on different grounds, by *Rogers v. United States*, 376 U.S. 188, 84 S. Ct. 637, 11 L. Ed. 2d 603 (1964).

*States v. O'Rourke*, No. 17-CR-00495, 2019 WL 5064757, at *6 (N.D. Ill. Oct. 9, 2019) – which object/purpose of the conspiracy the jury relied on in rendering its verdict.

8. Based on the foregoing, the conspiracy count (count 1) fails to properly state an offense under Federal Rule of Criminal Procedure 12(b)(3)(B)(v).

WHEREFORE, defendant moves this Court to dismiss count 1.

Respectfully submitted:

<u>  /s/ Adam J. Sheppard</u>
An Attorney for Defendant

SHEPPARD LAW FIRM, P.C.
BARRY SHEPPARD / ADAM SHEPPARD
180 N. LaSalle Street, Suite 2510
Chicago, Illinois 60601
(312) 443-1233
adam@sheppardlaw.com
Adam Sheppard IL Bar. No. 6287375
Barry Sheppard IL Bar. No. 2579901

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing motion to dismiss was served on July 15, 2020, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Adam J. Sheppard<br>An Attorney for Defendant

SHEPPARD LAW FIRM, P.C.
BARRY SHEPPARD / ADAM SHEPPARD
180 N. LaSalle Street, Suite 2510
Chicago, Illinois 60601
IL Bar. No. 6287375
(312) 443-1233
adam@sheppardlaw.com