IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 19 CR 692 |
| v. | ) |
| | ) Hon. Robert M. Dow, Jr. |
| JESSICA NESBITT | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT'S MOTION FOR A BILL OF PARTICULARS</u>**

**I.  INTRODUCTION**

Counts 2-8 charge Ms. Nesbitt with a violation of the Travel Act (18 U.S.C. § 1952(a)(3)). *See* Super. Indct. (counts 2-8). Specifically, counts 2-8 allege that Ms. Nesbitt used and caused the use of a facility in interstate commerce with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity (state prostitution offenses) and "thereafter, the defendant did perform and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity." *Id.* Counts 2-8 do not reference the client (Client A, B, C, or D) or the individual (Individual A, B, C, D, or E) who was allegedly involved in the Travel Act violations. Nor do counts 2-8 allege the date that Ms. Nesbitt performed an act to facilitate a prostitution offense after using a facility in interstate commerce. Nor do counts 2-8 describe the "acts" that the defendant performed to facilitate a prostitution offense after using a facility in interstate commerce. Accordingly, Ms. Nesbitt moves this Court for an order upon the government to produce a bill of particulars which specifies the following:

1.  The client – Client A, B, C, or D – and employee – Individual A, B, C, D, or E – involved in the prostitution offenses alleged in counts 2-8.

2. The dates of the "acts," alleged in counts 2-8, which defendant allegedly performed to facilitate prostitution offenses after using a facility in interstate commerce.

3. A description of the "acts" that defendant allegedly performed to facilitate prostitution offenses after using a facility in interstate commerce.

## II. ANALYSIS

### A. Specification of the "Clients" and "Individuals" Involved in the Alleged Illegal Activity.

Counts 2-8 fail to specify the "client" or "individual" who was involved in the illegal activity alleged in those counts. Comparatively, other counts of the superseding indictment – counts 9 and 10 – at least identify which "individual" was involved in the charged conduct. A review of the (voluminous) discovery material does not reveal which "client" or "individual" was involved in the conduct alleged in counts 2-8.

In *United States v. Vasquez-Ruiz,* 136 F. Supp. 2d 941, 943 (N.D. Ill. 2001), Judge Kennelly held that a bill of particulars was required to identify victims of an alleged fraudulent scheme and fraudulent bills submitted to insurers, and to identify property which was subject to forfeiture. In that case, the government had produced over 17,000 pages of early discovery including early disclosure of witness statements as well as charts summarizing insurance data. Additionally, it had described, in a response to the motion for a bill of particulars, at least in outline form, its theory of the case. Notwithstanding those facts, the court believed that "defendant is entitled to know prior to trial certain basic matters: the identity of the patient-victims of the alleged offenses, the records claimed to include false entries, and any allegedly fraudulent bills to insurers." *Id.* The court stated: "The defense should not be left to its own devices and a sifting of the voluminous materials that have been provided in order to divine the particulars of these critical allegations, which have not yet been disclosed." *Id.* at 943.

In this case, the identity of the "clients" and "individuals" affiliated with the charged conduct in counts 2-8 should likewise be disclosed. Ms. Nesbitt cannot adequately prepare her defense without such information. *See id.*

### B. The Dates of the Alleged "Acts" Constitutes Crucial Information

The dates on which Ms. Nesbitt allegedly performed "acts" which facilitated prostitution offenses constitutes critical information. "In a Travel Act prosecution the interstate travel or use must relate significantly, rather than incidentally or minimally, to the illegal activity. " *United States v. Raineri*, 670 F.2d 702, 717 (7th Cir. 1982). If the date of the defendant's alleged illegal activity lacks temporal proximity to her use of a facility in interstate commerce, such a factor may greatly affect the sufficiency of the evidence. *See id; see also United States v. Altobella*, 442 F.2d 310, 314 (7th Cir. 1971)("to warrant federal intervention we believe the statute requires a more significant use of a facility of interstate commerce in aid of the defendants' unlawful activity. . ."). Accordingly, the dates of the "acts" that the defendant performed to facilitate prostitution offenses, as alleged in counts 2-8, constitutes critical information.

The government has disclosed some information about the date ranges in counts 2-8 but that disclosure legally insufficient. The government disclosed, via correspondence, that the unlawful activity in counts 2-8 involved acts that include, "*but are not limited to,*" acts associated with a party or travel *"on or about"* a certain date. [Emphasis added]. The government also added the caveat that such a disclosure would not bind its proofs at trial in any way.

Two factors render the government's disclosure legally insufficient. First, a bill of particulars would have the effect of limiting the government's proofs at trial. *See Vasquez–Ruiz*, 2002 WL 171969, at *2 ("[T]he effect of a bill of particulars is to limit the scope of the

government's proof at trial."). Second, the bill of particulars should specify, in greater detail, the dates of the acts which form the basis of the Travel Act counts. *See e.g. United States v. Delatorre*, 438 F. Supp. 2d 892, 899 (N.D. Ill. 2006), *aff'd sub nom. United States v. Benabe*, 436 F. App'x 639 (7th Cir. 2011)(directing the government to "produce a bill of particulars setting forth the times and places of each of the accused's conduct that constitutes a violation of the alleged statutes . . ."); *see also United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987)(reversing a conviction where "the dates of the fake burglaries and the identity of the three fraudulent documents" should have been disclosed)(cited in this District in *Vasquez-Ruiz*, 136 F. Supp. 2d at 943-44)).

### C. Specification of the "Thereafter Acts" in Counts 2-8

Counts 2-8 do not specify the "acts" that Ms. Nesbitt performed after using a facility in interstate commerce. *See* Super. Ind. (counts 2-8). To be sure, Ms. Nesbitt is not asserting that an indictment for Travel Act violations must always describe such acts. However, in this case, there is no other information which clearly specifies the "acts" which are the subject of the Travel Act. For example, the indictment is silent as to when the alleged "acts" occurred or which client or employee was involved in the "acts." The voluminous (and redacted) discovery material likewise offers little indication as to which acts are the subject of counts 2-8. Accordingly, defendant moves for a bill particulars on this issue. *See United States v. Rosenfeld*, 264 F. Supp. 760, 762 (N.D. Ill. 1967)("[A] bill of particulars is directed to the sound discretion of the Court.").

### III. CONCLUSION

Based on the foregoing, defendant moves this Court for an order upon the government to file a bill of particulars which 1) identifies the client (Client A, B, C, or D) and/or employee (Individual A, B, C, D, or E) involved in the activity alleged in counts 2-8; 2) specifies the dates

of the alleged "acts" in counts 2-8 which the defendant allegedly performed after using a facility in interstate commerce; and 3) describes the "acts" in counts 2-8 which defendant allegedly performed after using a facility in interstate commerce.

                              Respectfully submitted:

                              /s/ Adam J. Sheppard
                              Attorney for Defendant

SHEPPARD LAW FIRM, P.C.
BARRY SHEPPARD & ADAM SHEPPARD
180 N. LaSalle Street, Suite 2510
Chicago, Illinois 60601
(312) 443-1233
adam@sheppardlaw.com
IL Bar. No. 6287375

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing memorandum was served on July 15, 2020 in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

  /s/ Adam J. Sheppard
Attorney for Defendant

SHEPPARD LAW FIRM, P.C.
BARRY SHEPPARD / ADAM SHEPPARD
180 N. LaSalle Street, Suite 2510
Chicago, Illinois 60601
(312) 443-1233
adam@sheppardlaw.com
Adam Sheppard IL Bar. No. 6287375