UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 19 CR 692 |
| vs. ) | |
| ) | Honorable Robert Dow, Jr. |
| JESSICA NESBITT ) | |

**DEFENDANT'S MOTION TO
RENT OUT THE RESIDENCE AT 2452 W. AUGUSTA
IN A MANNER WHICH PRETRIAL SERVICES APPROVES**

NOW COMES Defendant JESSICA NESBITT, by and through her attorney, Sheppard Law Firm, P.C., and pursuant to Title 18, United States Code, Section 3142(c)(3), and moves this Honorable Court to authorize her to rent out the premises at 2452 W. Augusta, Chicago, Illinois in a manner which Pretrial Services approves. In support thereof, defendant states as follows:

1. Ms. Nesbitt owns the property at 2452 W. Augusta Boulevard, Chicago, Illinois.

2. The government has filed a lien against the property and thus Ms. Nesbitt is unable to sell the property.

3. The property in question is being redecorated – pursuant to approval from Pretrial Services and the government – so as to remove any remnants of any fetish-related décor or accoutrements.

4. Following the redecoration of the property, Ms. Nesbitt will be seeking to rent out the property on AirBnB (or similar rental sites) to those seeking standard residential living quarters. The rental would be wholly unrelated to any fetish-related activity.

5. Ms. Nesbitt is a single mother who is simultaneously supporting her family and attempting to fund her defense. Based on conditions of pretrial release, she was forced to find a new line of work (and she has done so). For several months, she was

out of work. She has since found employment with a construction company; however, that income, alone, renders it difficult for her to support her family and maintain the mortgage on 2452 W. Augusta. Accordingly, she is seeking to obtain conventional rental income from the property.

6. Under the current conditions of pretrial release, Pretrial Services must approve Ms. Nesbitt's uses of the property, other than paying bills associated with the property. See Dkt. 46 (Magistrate Judge Valdez's order modifying the conditions of release) & Dkt. 52 (This Court's order on an unopposed motion to remove electronic home detention which also left in place all other conditions of bond).

7. Although the terms of the Magistrate Judge Valdez's order seemingly vested pretrial services with the authority to approve of the rental request, all parties, including the defense, deemed it prudent to seek judicial approval for the same.

8. Pretrial Services has been consulted regarding this motion and has no objection.

9. The government does not *per se* object to the rental of the property on AirBnB (or a similar rental site) but requests the added condition – not requested by Pretrial Services – that Ms. Nesbitt disclose to the government any renters' names in advance of the rental.

10. Ms. Nesbitt welcomes oversight of the rental process by Pretrial Services.

11. She objects to disclosing the names of renters to the government. Such a disclosure would implicate the privacy rights of renters who are wholly unrelated to the case. Additionally, disclosure of renters' names could have a chilling effect on renting the property.

12. A condition requiring disclosure of renters' names is not the "least restrictive condition, or combination of conditions," that will reasonably assure the defendant's appearance as required and safety of any person or the community. *See* 18 U.S.C. § 3142(c)(1)(B).

13. In evaluating a particular condition of pretrial release, "the Court must consider 'particularized evidence' and make an 'individualized determination' of the need for the restriction." *United States v. Lillemoe*, No. 3:15CR00025 (JCH), 2015 WL 9694385, at *3 (D. Conn. May 28, 2015)(citing, *United States v. Arzberger,* 592 F.Supp.2d 590, 601, 602 (S.D.N.Y.2008)). "While the challenged condition is currently in place, and the Court comes to consider the question upon motion of the defendants, the defendants do not bear the burden of persuading the Court that the challenged condition is inappropriate." *Lillemoe*, No. 3:15CR00025 (JCH), 2015 WL 9694385, at *1. Instead, "the Court must determine whether the condition is appropriate based on the complete record." *Id.*

14. In this case, there is nothing in the record to suggest that disclosure of the renters' names to the government is sufficiently related to the defendant's appearance at trial or the safety of any person or the community.

WHEREFORE, defendant moves this Court to authorize Ms. Nesbitt to rent 2452 W. Augusta Boulevard in a manner which Pretrial Services approves.

                                                      Respectfully submitted:

                                                      <u>/s/ Adam Sheppard</u>
                                                      An Attorney for Defendant

SHEPPARD LAW FIRM, P.C.
180 North LaSalle, Suite 2510
Chicago, IL 60601
(312) 443-1233
Adam Sheppard Attorney No. 6287375
Barry Sheppard Attorney No. 2579901

## **CERTIFICATE OF SERVICE**

I hereby certify that foregoing motion was served on July 15, 2020 in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Adam Sheppard
Attorney for Defendant

SHEPPARD LAW FIRM, P.C.
180 North LaSalle, Suite 2510
Chicago, IL 60601
(312) 443-1233
Adam Sheppard Attorney no. 6287375