IN THE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 19 CR 692 |
| v. ) | |
| ) | Hon. Robert M. Dow, Jr. |
| JESSICA NESBITT ) | |

**DEFENDANT'S MOTION TO RECONSIDER THE COURT'S RULING THAT
DEFENDANT SHALL BEAR THE BURDEN OF PRODUCING TO THE
GOVERNMENT THE NAMES OF FORMER EMPLOYEES AND CLIENTS
WHOM SHE WISHES TO CONTACT, OR, IN THE ALTERNATIVE,
TO AUTHORIZE DEFENDANT TO CONTACT FORMER CLIENTS
<u>AND EMPLOYEES IN THE PRESENCE OF DEFENSE COUNSEL</u>**

NOW COMES Defendant JESSICA NESBITT, by and through her attorney, Sheppard Law Firm, P.C., and moves this Court to reconsider its previous ruling that the defendant shall bear the burden of producing to the government the names of former clients and employees whom she wishes to contact, or, in the alternative, for authorization to contact former clients and employees when *defense counsel is present*. In support thereof, defendant states as follows:

**PROCEDURAL/FACTUAL BACKGROUND**

Condition 7(g) of the Order Setting Conditions of Release directs the defendant to "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution including: All current and former employees and clients of Selective Management Enterprises, Inc., d/b/a Kink Extraordinaires," Ms. Nesbitt's company. *See* Ex. 1. Ms. Nesbitt had approximately 9,000 former clients and hundreds of former employees. The company has now been completely disbanded.

On September 30, 2019, defendant filed a motion to modify condition 7(g) seeking to require the government to specify the individuals whom she may not contact,

or, in the alternative, amend the order to prohibit *unlawful* contact with former and current employees and clients. Doc. 20. On October 4, 2019, the Court addressed defendant's motion. Dkt. 24.[1] The Court took the motion under advisement, encouraged the parties to discuss a potential solution, and directed counsel to keep the Court apprised as to the status of the motion. *Id.* The Court did rule that it would be the defense which bears the burden of producing to the government the names of the individuals with whom Ms. Nesbitt is requesting to speak. The Court stated that "[i]f the parties reach an impasse or an agreement they may contact the courtroom deputy to set a further hearing." *Id.*

The parties have reached an impasse on this issue. Ms. Nesbitt has no objection to producing those names to the Court, for an *in camera* inspection, and/or to Pretrial Services. She objects, however, to providing the names to the government.

Many of Ms. Nesbitt's former clients hold positions of prestige in the community, including in law enforcement and government. Given the discreet nature of the topic at hand, many have expressed their reluctance to speak to anybody but Ms. Nesbitt, directly. Former clients have also offered their support for Ms. Nesbitt but she cannot respond to them based on condition 7(g).

Since the Court last addressed this issue, a change in circumstance has occurred – "the government has produced all discovery." Doc. 61, ¶1. And the discovery material confirms that there are no "victims" or minors in this case. There is no allegation that Ms. Nesbitt defrauded anybody. Nor is there any allegation that anyone engaged in any nonconsensual conduct. In short, there is nothing in the (voluminous) discovery material which would suggest that Ms. Nesbitt would attempt to intimidate or harass anyone, let

---

[1] A copy of the transcript of proceedings from October 4, 2019 has been ordered but not yet received. The defense will seek leave to supplement this motion with a copy of the transcript upon its receipt of the same.

alone, a potential witness. There is no allegation that Ms. Nesbitt has ever engaged in violence.

Based on the foregoing facts, and the law set forth below, defendant moves this Court to reconsider its ruling that the defendant should disclose to the government the names of former clients and employees with whom she wishes to communicate. In the alternative, Ms. Nesbitt moves this Court for permission to contact former clients or employees *when defense counsel is present*. As set forth below (section IV), such a condition has been repeatedly used in other cases.

## ANALYSIS

### I. CONDITION 7(G) IS MORE RESTRICTIVE THAN THE STATUTORY CONDITION AFTER WHICH IT IS MODELED

The statutory bond condition – 18 U.S.C. §3142(c)(v) – after which condition 7(g) is modeled does not contemplate a bar on contact with everyone who is arguably a potential witness. Rather, it cabins the prohibition to "potential witness who may testify concerning the offense." *Id.* In this case, there has been no showing that all 9,000 former clients or hundreds of former employees are "potential witnesses who may testify concerning the offense." *Id.* The indictment (and superseding indictment) only reference four clients and five employees. The discovery material reveals which employees are cooperating sources and Ms. Nesbitt is not seeking to contact them. To the extent that some other former clients and/or employees may be witnesses, the government knows better than the defense as to which of the them may testify. Accordingly, the government should identify which witnesses the defendant may not contact. Indeed, the government appears to be the party which typically provides the no-contact list. *See e.g., United States v. Villegas*, No. 2:13-CR-00355-GMN, 2015 WL 3649606, at *1 (D. Nev. June 11,

2015)(the government provided a no-contact list); *United States v. Jones*, No. CR. 10-50015-01, 2010 WL 4024927, at *1 (D.S.D. Oct. 13, 2010)(same).

    **II.    EFFECT OF REQUIRING THE DEFENDANT TO DISCLOSE FORMER CLIENTS AND EMPLOYEES TO THE GOVERNMENT**

    **A.  Privacy Interests & Ability to Prepare a Defense**

Placing the burden on the defense to disclose the names of former clients to the government is problematic for two reasons. First, it implicates those clients' privacy interests. Many of those clients or employees may be unknown to the government and revealing their identities – as former clients or employees of a fetish-related business – implicates their privacy interests. Second, requiring Ms. Nesbitt to identify the former clients or employees that she wishes to contact is tantamount to informing the government of potential defense witnesses. Neither side is entitled to a list of *potential* witnesses at this juncture in the proceedings. *See United States v. Michael*, No. 13 CR 902-1, 2014 WL 5901661, at *4 (N.D. Ill. Nov. 13, 2014). Accordingly, requiring Ms. Nesbitt to highlight for the government potentially favorable witnesses inhibits her ability to fully prepare a defense.

    **B.  Right to Free Association**

The blanket prohibition on contact with all former clients or employees (absent notification to the government) also affects her right to free association, guaranteed by the First Amendment. *See United States v. Lillemoe*, No. 3:15CR00025 (JCH), 2015 WL 9694385, at *2 (D. Conn. May 28, 2015)("Here, at least two significant interests of the defendants are affected by the challenged condition: (1) the right to free association, guaranteed by the First Amendment, and (2) the ability to prepare fully for defense against a felony criminal charge.").

Ms. Nesbitt wishes to associate with former clients and employees for reasons that go beyond discussing the case. Many former clients and employees are her friends – she sees them at her children's school functions, the gym, social clubs, and in the neighborhood. Based on the current bond condition, she is forced to awkwardly avoid contact with them. Many former clients are also leaders in industry, government, and law, who have offered Ms. Nesbitt future employment opportunities. (As a condition of bond, Ms. Nesbitt must seek or maintain employment and though she has obtained a job with a construction company, other employment opportunities exist for her – unrelated to the fetish industry – should she be permitted to contact certain former clients). Many of her former clients are businesspeople who have offered her business opportunities. Additionally, several of her former clients are contractors, painters, and movers, whom she has previously hired, and she would like to contact them to help redecorate the property at 2452 W. Augusta.

"[T]here must be a powerful countervailing concern for the safety of the community" to restrict freedom of association. *Id.* There must be "a showing that these *particular* defendants are likely to engage in conduct that would endanger the community, should the condition be lifted." *Id.* [emphasis in original]. A fear that criminal defendants, generally, might end up " 'shading, spinning, or dissembling the truth' " if given the opportunity is not enough. *Id.* "The determination must be made on an individualized basis." *Id.* (citing, *e.g.*, *United States v. Lee,* 972 F.Supp.2d 403, 408 (E.D.N.Y.2013)). Thus, "[a] specific condition of release that might very well be reasonable where based on 'individualized suspicion' might not be reasonable if no such individualized analysis is conducted." *Id.* (citing, *Berry v. District of Columbia,* 833 F.2d

1031, 1035 (D.C.Cir.1987)). In this case, there is no particularized evidence that suggests that Ms. Nesbitt would likely harass or intimidate former clients or employees who may (or may not) be witnesses. Indeed, many former clients have reached out to her to offer their support. Based on the foregoing, safety concerns do not outweigh Ms. Nesbitt's right to free association.

### III. THE BOND CONDITION IS NOT THE "LEAST RESTRICTIVE CONDITION" THAT WILL REASONABLY ASSURE THE DEFENDANTS' APPEARANCE AND SAFETY OF ANY PERSON OR THE COMMUNITY

In setting conditions of release, the Court must impose the "*least restrictive* condition, or combination of conditions," that will reasonably assure the defendant's appearance as required and safety of any person or the community. 18 U.S.C. § 3142(c)(1)(B)(emphasis added). Here, a blanket ban on contact with *all* former clients and employees, unless there is advance notice to government, is not "the least restrictive condition" available. *See e.g., In re BofI Holding, Inc. Sec. Litig.*, 318 F.R.D. 129 (S.D. Cal. 2016)(holding that a protective order prohibiting defendants in a securities fraud class action from communicating with former employees whom they believed were confidential witnesses was overbroad and not narrowly tailored). A less restrictive condition would be if the government specified which individuals or category of individuals it reasonably expects may testify at trial and the defendant can then adhere to that list or seek modification of that list upon a showing of good cause.

### IV. ALTERNATIVE RELIEF

If the Court denies defendant's request to have the government specify the individuals whom the defendant may not contact, then defendant moves for the following alternative relief: authorization to contact any former clients and employees *in the*

*presence of defense counsel.* Other cases have utilized such a condition. *See e.g., United States v. De Castro-Font*, 587 F. Supp. 2d 364, 369 (D.P.R. 2008)("Contacts are allowed with the attorney present, of course, to minimize the possibility of intimidation or improper influence while permitting a defendant to prepare his defense."); *see United States v. Brugnara*, No. CR 08-00222 WHA, 2014 WL 5306784, at *3 (N.D. Cal. Oct. 16, 2014)(utilizing such a condition); *United States v. Heffington*, No. CR 7:16-09-KKC, 2016 WL 5339606, at *1 (E.D. Ky. Sept. 21, 2016)(same); *United States v. Maricle*, No. CRIM.A. 6:09-16-DCR, 2009 WL 1360856, at *2 (E.D. Ky. May 14, 2009)(same); *see also United States v. Messino*, 842 F. Supp. 1107, 1109 (N.D. Ill. 1994)(authorizing communication with co-defendants in the presence of counsel and generally limiting those communications to the preparation of the defense).

## CONCLUSION

Based on the foregoing, defendant moves this Court to modify condition 7(g) to require the government to specify – by name or other description – the former clients and employees whom it is seeking to bar Ms. Nesbitt from contacting. Alternatively, although there is no allegation that Ms. Nesbitt has ever attempted to intimidate or improperly influence any potential witness, if need be, she will contact the witnesses in the presence of defense counsel.

Respectfully submitted:

<u>/s/ Adam Sheppard</u>
An Attorney for Defendant

SHEPPARD LAW FIRM, P.C.
180 North LaSalle, Suite 2510
Chicago, IL 60601
(312) 443-1233
Adam Sheppard Attorney no. 6287375
Barry Sheppard Attorney No. 2579901

**CERTIFICATE OF SERVICE**

I hereby certify that foregoing motion was served on July 15, 2020 in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Adam Sheppard
Attorney for Defendant

SHEPPARD LAW FIRM, P.C.
180 North LaSalle, Suite 2510
Chicago, IL 60601
(312) 443-1233
Adam Sheppard Attorney no. 6287375