UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA </br></br> v. </br></br> JESSICA NESBITT | ) </br> ) No. 19 CR 692 </br> ) </br> ) Honorable Matthew F. Kennelly </br> ) |

**UNOPPOSED MOTION TO EXCLUDE TIME
UNDER THE SPEEDY TRIAL ACT**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, submits the following *Unopposed Motion to Exclude Time Under the Speedy Trial Act*, and states as follows:

1. On or about November 28, 2022, this Court held a telephonic status hearing in this case. Doc. 123. During that hearing, at the parties' request, this Court set a change of plea hearing for January 10, 2023 at 1:15 p.m., a date the parties believed would allow them sufficient time to execute a written plea agreement. *Id*. With no objection from the defendant, time under the Speedy Trial Act was excluded until the change of plea date. *Id*.

2. Since the status hearing, the parties have engaged in some additional discussions regarding the forfeiture of the real property at issue in this case; the parties are contemplating and negotiating a cash settlement in lieu of forfeiture of real property. The parties expect to engage in additional discussions in the next few days regarding forfeiture.

3. In addition, a draft plea agreement is underway, and the government anticipates providing a plea agreement, approved within the U.S. Attorney's Office, to defense counsel by January 13, 2023. The government regrets that it has not yet been able to tender a proposed plea agreement to defendant. While the government has begun the drafting process, that process has been delayed by several other, time-sensitive matters within the U.S. Attorney's Office that have arisen that government counsel has needed to prioritize, including the need to provide guidance within the U.S. Attorney's Office on recently announced Department of Justice policies on drug cases, and the unexpected arrest of a defendant in a foreign country, which triggered extradition obligations.

4. The parties understand that the Court is amenable to extending the change of plea hearing to February 7, 2023. The government moves to exclude time until that date to allow for an additional, limited amount of time for the parties to work out a written plea agreement; such an exclusion of time is warranted where, as here, "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C § 3161(h)(7)(A). *See, e.g.*, *United States v. Rago*, 424 F. App'x 573, 574 (7th Cir. 2011) ("the exclusion . . . allowed for adequate time for plea negotiations. These are sufficient reasons that serve the ends of justice and outweigh the public's and Rago's interests in a speedy trial"); *United States v. Adams*, 625 F.3d 371, 379 (7th Cir. 2010).

5. Counsel for the government has conferred with counsel for the defendant, who is a non-custodial defendant; counsel for the defendant does not oppose this motion.

Dated: January 8, 2023 Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: */s/ Erika Csicsila*
ERIKA CSICSILA
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5370